IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY L. HEMPHILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-09-120-HE |
| | ) |
| JUSTIN JONES, DIRECTOR OF DOC, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Mr. Hemphill seeks habeas relief for irregularities in a prison disciplinary hearing and the state appellate court's decision to reject an appeal on timeliness grounds. On the claims involving the disciplinary conviction, the Respondent moves for dismissal and the Court should grant the motion based on procedural default. The Respondent has not addressed the habeas claims arising out of the state appellate court's decision. However, these claims should be denied because of the unavailability of habeas relief for the alleged errors in state court.

## Background

While in prison, Mr. Hemphill was found guilty of a disciplinary infraction. *See* Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (June 16, 2009) ("Amended Petition"). The Petitioner unsuccessfully appealed to the

Department of Corrections[1] and sought judicial review in state district court.[2] The court rejected the petition as untimely,[3] and Mr. Hemphill appealed.[4] The Oklahoma Court of Criminal Appeals ("OCCA") rejected the appeal as untimely. Order Dismissing Petition for Writ of Mandamus, *Hemphill v. Oklahoma Department of Corrections*, Case No. MA-2008-22 (Okla. Crim. App. Jan. 30, 2008). The present action followed.

## The Petitioner's Timeliness Argument

Mr. Hemphill argues that the Respondent failed to timely file and serve the motion to dismiss and entry of appearance. Mr. Hemphill is mistaken.

The Court ordered the Respondent to file an answer or motion to dismiss by July 7, 2009. Order for Response to Petition for Writ of Habeas Corpus at p. 1 ¶ 1 (June 17, 2009). The Respondent filed the motion to dismiss on July 1, 2009, six days before the deadline. Although the Court did not order an entry of appearance,[5] the Respondent filed one on July 1, 2009, with the motion to dismiss.

---

[1] *See* Amended Petition at p. 2.

[2] Petition for Judicial Review Pursuant to 57 O.S. § 564.1, *Hemphill v. Department of Corrections*, Case No. CJ-2007-8783 (Okla. Co. Dist. Ct. Oct. 11, 2007).

[3] Order Denying Relief on Petition for Judicial Review, *Hemphill v. Department of Corrections*, Case No. CJ-2007-8783 (Okla. Co. Dist. Ct. Dec. 6, 2007).

[4] Petition in Error, *Hemphill v. Oklahoma Department of Corrections*, Case No. MA-2008-22 (Okla. Crim. App. Jan. 8, 2008).

[5] Local Civil Rule 83.4 requires an attorney in a civil case to file an entry of appearance. However, the rule does not contain an express deadline.

Mr. Hemphill states that he did not receive the motion to dismiss until July 9, 2009.[6] The Court does not know why there was a delay in the Petitioner's receipt of the document.[7] But, the Respondent timely filed the motion to dismiss.

### The Petitioner's Request for Judicial Notice

The Petitioner also asks the Court to take judicial notice of the records in Case No. CIV-09-475-HE. Petitioner's Response at pp. 3-4. But the Petitioner has not identified any reason to believe that the records in Case No. CIV-09-475-HE would bear on the issues raised in the Respondent's motion to dismiss. Accordingly, the Court need not decide whether to take judicial notice of the records in Case CIV-09-475-HE.

---

[6] Petitioner's Brief in Response and Objection to: Okla. Fed. West. Dist., "Order [Doc. 17] for Response to Petition for Writ of Habeas Corpus; Okla. Fed. West. Dist., Order of the Court [Doc. 20] and Respondent's Belated Motion to Dismiss Petition for Writ of Habeas Corpus at p. 2 (July 23, 2009) ("Petitioner's Response").

[7] The delay may have resulted from confusion over the Petitioner's mailing address. In the habeas petition and each amendment, the Petitioner failed to provide his address. Although he filed notice of a change of address on May 27, 2009, he did not serve the Respondent's attorney with a copy. Thus, the record does not disclose any reason that the Respondent's counsel would have known that Mr. Hemphill had been transferred to Union City Community Correctional Center as of May 27, 2009. Apparently without this information, the Respondent's attorney mailed his motion to dismiss and entry of appearance to the Petitioner at Dick Conner Correctional Center in Hominy, Oklahoma. Presumably, the mailing to Dick Conner Correctional Center, rather than Union City Community Correctional Center, caused a delay in the Petitioner's receipt of the motion to dismiss and entry of appearance. If the Petitioner needed more time, he could have asked for an extension. However, the rerouting of the Petitioner's mail did not result from a violation of the filing deadline on the part of Respondent's counsel.

## The Petitioner's Challenge to the
## Disciplinary Proceedings:  Procedural Default

In the habeas petition, Mr. Hemphill challenges the misconduct conviction on the following grounds:

- a lack of an adequate explanation for the imposition of discipline,

- the hearing officer's involvement in the underlying incident,

- insufficiency of evidence of guilt, and

- denial of equal protection.

Amended Petition at pp. 5-6, 9-10.  On these claims, the Court should grant the motion to dismiss on the basis of procedural default.

Under 28 U.S.C. § 2241, the Petitioner must exhaust state judicial remedies on his claims.  *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies." (citation omitted)).  Under Oklahoma law, the Petitioner had an available judicial remedy under Okla. Stat. tit. 57 § 564.1.[8]  *See Magar v. Parker*, 490 F.3d 816, 818-19 (10th Cir. 2007) (holding that Section 564.1 provides an available judicial remedy under Oklahoma law for a prisoner challenging the adequacy of disciplinary proceedings that resulted in a misconduct conviction).  Under this statute, Mr. Hemphill could file a motion for judicial

---

[8]  Mr. Hemphill alleges that Okla. Stat. tit. 57 § 564.1 "is unconstitutional on its face." Amended Petition at p. 11.  The Petitioner does not explain his belief that the statute is unconstitutional.

review within 90 days of his notification regarding the final decision on his administrative appeal.[9]

At the latest, the disciplinary conviction would have become final on June 4, 2007, when Mr. Hemphill obtained notice that the Department of Corrections had returned his administrative appeal based on timeliness. As a result, the latest deadline for an action in state district court would have been September 4, 2007.[10] But Mr. Hemphill waited until October 11, 2007, to file a petition for judicial review in Oklahoma County District Court. Because the petition was filed after expiration of the 90-day deadline, the state district court denied relief on jurisdictional grounds.[11] Mr. Hemphill had only 30 days to seek review with the OCCA,[12] but he waited 33 days to initiate an appeal. Because the appeal was untimely, the OCCA also denied relief.[13]

---

[9] *See* Okla. Stat. tit. 57 § 564.1(A)(1); *see also Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (stating that Oklahoma law "demands . . . inmates to petition state courts for review within 90 days after the inmate is notified of ODOC's final decision").

[10] From June 4, 2007, the 90th day would have been September 2, 2007, which was a Sunday. Because the following day was Labor Day, the latest deadline for the petition would have been September 4, 2007. *See* Okla. Stat. tit. 12 § 2006(A).

[11] Order Denying Relief on Petition for Judicial Review at p. 2, *Hemphill v. Department of Corrections*, Case No. CJ-2007-8783 (Okla. Co. Dist. Ct. Dec. 6, 2007) (stating the court lacked jurisdiction because the action had been filed after expiration of the 90-day deadline).

[12] *See* Rule 10.1(C), Rules of the Oklahoma Court of Criminal Appeals.

[13] Order Dismissing Petition for Writ of Mandamus, *Hemphill v. Oklahoma Department of Corrections*, Case No. MA-2008-22 (Okla. Crim. App. Jan. 30, 2008).

Mr. Hemphill did pursue the state judicial remedy that was available. However, he did so in an improper fashion, violating the deadlines for the filing in both the state district court and the state appellate court. *See supra* p. 5. Because the Petitioner did not properly pursue the available judicial remedy in the Oklahoma courts, he did not exhaust the claims involving the disciplinary conviction.[14]

The resulting issue is whether resort to the state judicial remedy would be futile at this stage. If it is, the Court should decline to regard the action as unexhausted[15] and, instead, consider whether dismissal is appropriate on the basis of procedural default.[16] The Petitioner could avoid dismissal on this basis only if he demonstrates: (1) cause for the default and actual prejudice from the violation of federal law, or (2) a fundamental miscarriage of justice from the failure to consider his claims. *See Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007).

As noted above, the Petitioner was late at two stages, the filing of the petition for judicial review and initiation of an appeal. *See supra* p. 5. For the latter, Mr. Hemphill could

---

[14] *See Torrence v. Hannigan*, 185 F.3d 875, 1999 WL 394650, Westlaw op. at 1 (10th Cir. June 16, 1999) (unpublished op.) ("An untimely appeal that is rejected by the state appellate court on that basis is not considered to have been 'properly presented' [for purposes of exhaustion]." (citation omitted)).

[15] *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) (stating that the exhaustion requirement for actions under Section 2241 "is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile" (citation omitted)).

[16] *See Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (stating that a habeas petition under Section 2241 would be subject to dismissal for procedural default if "state court remedies [were] no longer available because the prisoner failed to comply with the deadline for seeking review" (citations omitted)).

conceivably seek leave to appeal out-of-time if the delay was not his fault. *See* Rule 2.1(E)(1), Rules of the Oklahoma Court of Criminal Appeals. And in the habeas petition, Mr. Hemphill stated under oath that "it was through absolutely no fault of his own that his appeal [had been] denied as Out-of-Time." Amended Petition at pp. 5, 14. Thus, the Court may assume *arguendo* that Mr. Hemphill would retain an available mechanism to prosecute the appeal.[17]

Even if Mr. Hemphill could overcome the procedural error in the OCCA, he has not identified any basis to overcome the delay in state district court. As noted above, Mr. Hemphill had only 90 days to file the petition in state district court and he missed this deadline by 37 days. *See supra* p. 5. Mr. Hemphill has not identified any legal or factual basis to extend the 90-day period. As a result, when the Oklahoma County District Court dismissed the petition for judicial review, it did so for lack of jurisdiction. *See supra* p. 5. This jurisdictional impediment would preclude refiling of the petition for judicial relief. *See infra* note 18.

As a result, Mr. Hemphill could avoid dismissal for procedural default only upon proof of: (1) cause and prejudice, or (2) a fundamental miscarriage of justice. *See supra* p. 6. The Petitioner has not presented any basis to trigger either exception, and the Court should grant the motion to dismiss on grounds of a procedural bar.

---

[17]   *See Ciempa v. Dinwiddie*, 2009 WL 2450311, Westlaw op. at 3 (10th Cir. Aug. 12, 2009) (unpublished op.) (upholding dismissal without prejudice of an Oklahoma prisoner's habeas petition, based on nonexhaustion, because of the possibility that he could seek leave from the OCCA for an appeal out-of-time).

The Tenth Circuit Court of Appeals addressed similar circumstances in *Magar v. Parker*, 490 F.3d 816 (10th Cir. 2007). There an Oklahoma prisoner sought habeas relief under Section 2241, challenging the adequacy of disciplinary hearing processes that had resulted in a misconduct conviction. *See Magar v. Parker*, 490 F.3d at 817. The Western District of Oklahoma ordered dismissal, and the Tenth Circuit Court of Appeals dismissed the appeal. *Id.* at 818, 820. The federal appeals court concluded that the petitioner had failed to utilize the remedy available under Section 564.1 by filing a petition for judicial review. *Id.* at 819. But because the petitioner had only 90 days to file the petition, the federal appeals court held that he no longer had time to pursue this remedy. *Id.* Because the petitioner could not show cause or a fundamental miscarriage of justice, the Tenth Circuit Court of Appeals concluded that the habeas petition was procedurally barred. *Id.* at 820.

Under *Magar v. Parker*, the Court should hold that the habeas challenges to the disciplinary conviction are barred by Mr. Hemphill's procedural default in state court. Mr. Hemphill missed the 90-day period, and refiling of the petition would obviously be late again.[18] Thus, Mr. Hemphill would no longer be able to satisfy the statutory deadline at the state district court level. The failure to timely pursue the state judicial remedy would result in procedural default unless Mr. Hemphill could establish: (1) cause and prejudice, or (2) a fundamental miscarriage of justice. *See supra* p. 6. He has not presented any arguments to

---

[18] *See Holinsworth v. Parker*, 2008 WL 4415631, Westlaw op. at 1, 4 (W.D. Okla. Sept. 25, 2008) (unpublished op.) (holding that because the petitioner was late in filing a petition for judicial review under Section 564.1, he could not refile the petition to cure a separate procedural defect).

trigger either exception. As a result, *Magar v. Parker* would require dismissal of the habeas challenges to the misconduct conviction on grounds of procedural default.

## The Claims Related to the State Appellate Court's Decision: Unavailability of Habeas Relief

The Respondent has addressed the habeas petition as if all of the habeas claims involve the disciplinary conviction.[19] But Mr. Hemphill also asserted multiple challenges to the OCCA's rejection of the appeal on timeliness grounds. Amended Petition at pp. 5, 7-11. Even though the Respondent did not address the Petitioner's challenges to the OCCA's decision, they are not cognizable as independent habeas claims.

A writ of habeas corpus may be granted only if the petitioner's confinement has been lengthened as a result of a violation of the federal constitution, a federal law, or a federal treaty. *See* 28 U.S.C. § 2241(c). Although Section 564.1 supplies a process for prisoners to challenge a disciplinary conviction, the "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Instead, the purpose of the process is to ensure due process in the underlying disciplinary proceedings. *See id.* (stating that the "constitutional purpose [of process] is to protect a substantive interest to which the individual has a legitimate claim of entitlement"). "Thus, this Court must determine if Petitioner received constitutionally required due process in the *prison misconduct proceeding*, not whether the state courts erred in their *judicial review* of the prison's action." *Thomas v. Parker*, 2009

---

[19] Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus at p. 2 (July 1, 2009) (stating that Mr. Hemphill "is challenging the revocation of 365 earned credits due to a disciplinary hearing at the Oklahoma State Reformatory prison" (citation omitted)).

WL 995547, Westlaw op. at 1-2, 5 (W.D. Okla. Apr. 13, 2009) (unpublished op.) (emphasis in original). The result is that the Court cannot entertain habeas claims based on deficiencies in the state appellate court's handling of the constitutional claim.[20]

In these circumstances, the Court should deny habeas relief on the habeas challenges involving the correctness of the OCCA's decision.

## **Recommended Disposition**

The Court should:

- grant the motion to dismiss on the habeas claims arising out of the disciplinary conviction and

- deny habeas relief on the habeas claims arising out of the state appellate court's decision.

## **Notice of the Right to Object**

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is September 21, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

---

[20] *See Thomas v. Parker*, 2009 WL 995547, Westlaw op. at 1-2, 4-6 (holding that the petitioner's claims were not cognizable in habeas proceedings because they involved state court errors in a petition for review under Okla. Stat. tit. 57 § 564.1 rather than the underlying disciplinary conviction).

## Status of the Referral

The referral is terminated.

Entered this 31st day of August, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge